**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **KONSTANTIN SHVARTSER**<br>63 Anadyrskiy Proezd, Apt. 88<br>Moscow, Russian Federation 129336<br><br>　　　　Plaintiff,<br><br>v.<br><br>**EVELINA LEKSER**<br>7211 Austin Street, PMB 247<br>Forrest Hills, New York  11375<br><br>　　　　Defendant. | Civil Action No. 2016-CV-1199 |

## VERIFIED COMPLAINT

Plaintiff Konstantin Shvartser ("Plaintiff" or "Shvartser"), by and through his attorneys, Fox Rothschild LLP, brings this cause of action by way of Complaint against Defendant Evelina Lekser ("Defendant" or "Lekser"), and in support thereof, avers as follows:

### PARTIES

1. Plaintiff, Konstantin Shvartser, is an adult individual who resides at 63 Anadyrskiy Proezd, Apt. 88, Moscow, Russian Federation 129336.

2. Defendant Evelina Lekser, Plaintiff's daughter, is an adult individual who resides at 7211 Austin Street, PMB 247, Forrest Hills, NY 11375.

### JURISDICTION AND VENUE

3. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. §1332(a)(2) in that Plaintiff is a subject of the Russian Federation and Defendant is a citizen of the State of New York and the amount in controversy exceeds $75,000.

4. This Court has personal jurisdiction over Defendant because a substantial part of the events or omissions giving rise to this Complaint occurred in the District of Columbia.

5. Venue is proper in the federal judicial district for the District of Columbia pursuant to 28 U.S.C. 1391(b)(2) in that this action concerns, *inter alia*, real estate located at 2150 Florida Avenue N.W., Washington, D.C. 20008.

## OPERATIVE FACTS

6. On October 24, 2008, Plaintiff Shvartser and Defendant Lekser purchased, as joint tenants with right of survivorship, a property located at 2150 Florida Avenue NW, Washington, DC 20008 (the "Property"). *See* Ex. "A", Deed dated October 24, 2008.

7. Plaintiff and Defendant purchased the Property with the intention of rehabbing, renovating, and ultimately "flipping" it for a profit.

8. Although the Deed, on its face, reflects a consideration of only ten ($10.00) dollars, the actual consideration paid for the Property is $800,000.

9. In connection with the acquisition of the Property, Plaintiff and Defendant borrowed the sum of $417,000 from Bank of America (the "BoFA Loan") which was secured by a First Mortgage on the Property (the "BoFA Mortgage"). *See* Ex. "B", Deed of Trust dated October 29, 2008.

10. All other costs of acquisition over and above the BoFA Loan were funded solely by Plaintiff.

11. Because Plaintiff is also a permanent resident of Russia, and was not present in the United States, he executed a limited Power of Attorney authorizing Defendant Lekser to execute documents related to the BoFA Loan and BoFA Mortgage. *See* Ex. "C", Specific Power of Attorney dated August 14, 2008.

2

12. This Specific Power of Attorney was limited in its terms and specified that it only applied to executing the BoFA mortgage. *See id.*

13. Because Plaintiff is a permanent resident of Russia, and English is not his first language, he relied on and trusted Defendant, who is located in the United States, to handle business related to the Property and to keep Plaintiff informed of its condition and the status of the parties' real estate investment.

14. Between October 24, 2008 and March 12, 2013, Plaintiff contributed the additional sum of approximately $30,000 on repairs and improvements related to the Property.

15. Between October 24, 2008 and March 12, 2013, Plaintiff contributed the additional sum of approximately $210,000 in mortgage and utility payments.

16. On or about March 12, 2013, the parties entered into an "Owners [sic] Agreement" (the "Agreement") related to the Property. *See* Ex. "D", Owners Agreement dated March 12, 2013.

17. Pursuant to the Agreement, Plaintiff agreed to finance additional renovation costs up to $200,000 and bring current the BoFA Mortgage which had become delinquent under Defendant's management.

18. The parties further agreed that the Property would be sold and, after (i) repayment of the BoFA Loan and (ii) reimbursements of funds advanced by Plaintiff, the net proceeds from the sale would be divided as follows: 65% + $20,000 in favor of Plaintiff and the remaining sums, if any, to the Defendant.

19. The parties further agreed that the sale of the Property would be carried on without Defendant Lekser's further involvement.

20. Following the execution of the Agreement, Plaintiff invested approximately $600,000 to finance various repairs and other expenses related to the Property as well as an additional sum of approximately $180,000 in mortgage and utility payments.

21. On or about March 30, 2015, Plaintiff informed Defendant Lekser that he wished to list the Property for sale and recover his capital investment and the 65% plus $20,000 due to him under the Agreement.

22. In response, upon information and belief, Defendant Lekser embarked on a fraudulent scheme to withdraw equity from the Property and thus frustrate Plaintiff's expectations as an owner and/or contractual counter-party under the Agreement.

23. Specifically, upon information and belief, Defendant Leskser either forged or fraudulently induced Plaintiff to execute what appears to be a new Specific Power of Attorney dated April 7, 2015 (the "Fraudulent Power of Attorney") purporting to give her the authority to, *inter alia*:

> . . . execute and deliver each and every document required to refinance, sale, loan and/or collateralize the Property Address, including but not limited to, a Deed of Trust and Note, and/or mortgage agreement.

*See* Ex. "E", Specific Power of Attorney dated April 7, 2015.

24. Unlike the Specific Power of Attorney executed between the parties in 2008, the Fraudulent Power of Attorney, purporting to give authority to Defendant to pursue a refinancing of the property, was attested to by two witnesses, neither of whom is known by Plaintiff.

25. Plaintiff had no knowledge of this Power of Attorney form being prepared, and he neither signed nor assented to it.

26. Plaintiff also had no awareness of any plan to refinance the property, nor any intent to do so.

27. Indeed, Defendant never informed Plaintiff that the Fraudulent Power of Attorney existed, or that she intended to refinance the property.

28. On or about November 11, 2015, Defendant, using the Fraudulent Power of Attorney, refinanced the BoFA Mortgage with an entity known as SP Funding 452 LLC ("SP Funding"). *See* Ex. "F", Deed of Trust dated November 11, 2015.

29. SP Funding is an unknown lending entity that was formed on November 6, 2015, less than one week prior to the executed refinancing. *See* Ex. "G", Certificate of Formation.

30. In refinancing the property with SP Funding without Plaintiff's knowledge, Defendant doubled the mortgage to approximately $800,000. *See* Ex. F.

31. Unlike the 2008 BoFA Mortgage, the SP Funding transaction is *not* a thirty (30) year mortgage and the maturity date, according to the Deed of Trust, is December 1, 2016.

32. Upon information and belief, approximately one-half of the proceeds of the refinancing transaction were used to pay off the first lien established by the BoFA mortgage.

33. The remaining half – or approximately $400,000 – was taken as a "cash out" meaning that Defendant appropriated the funds for her use and benefit without Plaintiff's knowledge or consent.

34. On November 17, 2015, Bank of America marked its first mortgage satisfied. *See* Ex. "H", Certificate of Satisfaction dated November 17, 2015.

35. As a result, SP Funding ostensibly stands in first position.

36. By reason of the aforesaid, Defendant has (i) siphoned money from the parties' joint venture; (ii) invaded the equity of the Property while keeping the proceeds for herself at the expense of the Plaintiff; (iii) fraudulently incurred debt on behalf of Plaintiff; (iv) breached the

Owners Agreement and (v) caused such other harm as may be established through discovery and trial.  Said damages exceed $50,000.

### COUNT I
### PLAINTIFF v. DEFENDANT
### BREACH OF FIDUCIARY DUTY

37. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth at length herein.

38. At all times relevant hereto, by virtue of her status as a joint tenant, daughter, agent, co-venturer, and/or attorney-in fact and/or by virtue of a confidential relationship, Defendant owed fiduciary obligations to Plaintiff.

39. By reason of the aforesaid, Defendant breached said fiduciary obligations, which breaches include but are not limited to, fraudulently executing a Power of Attorney without Plaintiff's knowledge, doubling the mortgage owed on the jointly-owned Property, and pocketing the proceeds from the refinancing, which funds have been withheld from and not shared with the Plaintiff.

40. These breaches were intentional, willful and material and Defendant's actions were willful, wanton and outrageous thereby justifying the award of punitive damages.

**WHEREFORE**, Plaintiff Konstantin Shvartser demands judgment be entered in his favor and against Defendant Evelina Lekser for relief as set forth below.

### COUNT II
### PLAINTIFF v. DEFENDANT
### FRAUD

41. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth at length herein.

42. As set forth *supra*, Defendant made and disseminated false and misleading information regarding her intentions to refinance the property.

43. These false statements comprise both affirmative misrepresentations and omissions of fact, wherein Defendant never disclosed to Plaintiff that she had executed a Power of Attorney in his name and that she was angling to refinance the Property owned jointly by the parties.

44. Defendant made these misrepresentations and omissions of fact either knowing that they were false and/or material, or acting with deliberate and reckless disregard as to their veracity and material nature.

45. Defendant made these misrepresentations and omissions of fact with the intent of misleading Plaintiff and the parties' Lenders into relying on them as to allow her to unilaterally refinance the property even where no such authority to do so existed.

46. Plaintiff and the parties' lenders did in fact rely on Defendant's misrepresentations and omissions of material fact, and was unable to intervene to prevent Defendant's unlawful actions.

47. These intentional misrepresentations and omissions of material fact by caused Plaintiff to suffer damages in excess of five hundred thousand dollars.

48. Defendant's actions were done with the intent to harm Plaintiff and were outrageous and without justification and are such that they warrant the imposition of punitive damages.

**WHEREFORE**, Plaintiff Konstantin Shvartser demands judgment be entered in his favor and against Defendant Evelina Lekser for relief as set forth below.

### COUNT III
### PLAINTIFF v. DEFENDANT
### UNJUST ENRICHMENT

49. Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if set forth at length herein.

7

50. As heretofore alleged, the Defendant has been unjustly enriched at the Plaintiff's expense.

51. Equity and good conscience compel Defendant to compensate Plaintiff for the amounts by which she has been unjustly enriched.

**WHEREFORE**, Plaintiff Konstantin Shvartser demands judgment be entered in his favor and against Defendant Evelina Lekser for relief as set forth below.

### COUNT IV
### PLAINTIFF v. DEFENDANT
### CONVERSION

52. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth at length herein.

53. By reason of the aforesaid, including through her invasion into the equity of the Property co-owned by the Plaintiff, Defendant has unlawfully and without justification converted Plaintiff's property.

54. Plaintiff has suffered damage as a result of Defendant's conduct.

55. Defendant's actions are willful wanton and outrageous and justify the award of punitive damages.

**WHEREFORE**, Plaintiff Konstantin Shvartser demands judgment be entered in his favor and against Defendant Evelina Lekser for relief as set forth below.

### COUNT V
### PLAINTIFF v. DEFENDANT
### CONSTRUCTIVE TRUST

56. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth at length herein.

57. Defendant has acquired and/or is in possession of assets and money through fraud, breaches of her fiduciary duty, and/or other acts of positive misconduct averred herein.

8

58. As outlined above, Defendant wrongfully acquired and/or retained money and property and thus was unjustly enriched.

59. As a result, Plaintiff seeks the imposition of a constructive trust over the said Defendant's assets in an amount sufficient to satisfy the liabilities set forth herein.

**WHEREFORE**, Plaintiff Konstantin Shvartser demands judgment be entered in his favor and against Defendant Evelina Lekser for relief as set forth below.

## COUNT VI
## PLAINTIFF v. DEFENDANT
## PERMANENT INJUNCTION

60. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth at length herein.

61. Defendant, upon information and belief, remains in possession of the proceeds of the fraudulent refinancing of the Property and Plaintiff's damages continue to increase daily as such proceeds are used by Defendant.

62. Accordingly, Plaintiff seeks a permanent injunction freezing all proceeds from the refinancing and preventing the Defendant from taking any action with respect to the Property.

**WHEREFORE**, Plaintiff Konstantin Shvartser demands judgment be entered in his favor and against Defendant Evelina Lekser for relief as set forth below.

## COUNT VII
## PLAINTIFF v. DEFENDANT
## BREACH OF CONTRACT

63. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth at length herein.

64. By reason of the aforesaid, Defendant actually and/or anticipatorily breached the Owners [sic] Agreement dated March 12, 2013.

65. As a direct and proximate cause of the breach, Plaintiff has been harmed as heretofore alleged.

**WHEREFORE**, Plaintiff Konstantin Shvartser demands judgment be entered in his favor and against Defendant Evelina Lekser, jointly and severally, for relief as set forth below.

### RELIEF REQUESTED

66. By reason of the aforesaid, Plaintiff seeks the following:

(a) Equitable relief including, without limitation, disgorgement of the mortgage proceeds realized by Defendant by virtue of her unlawful acts;

(b) Permanent injunctive relief as needed to and prevent Defendant from undertaking further unlawful acts and further harming Plaintiff;

(c) Imposition of a constructive trust over the Defendant's assets in an amount sufficient to satisfy the liabilities set forth herein.

(d) Specific performance of the terms and conditions of the Owners' Agreement;

(e) An award of damages in excess of $500,000, plus punitive damages;

(f) An award of reasonable counsel fees and costs as against Defendant;

(g) Costs, and pre-judgment interest as permitted by law; and

(h) Such other relief as may be deemed just and equitable.

### JURY DEMAND

67. Plaintiff demands a jury trial before twelve (12) jurors.

### RESERVATION OF RIGHTS

68. Plaintiff reserves the right to amend the Complaint pursuant to Fed.R.Civ.P. 15, to join additional parties and assert such additional claims based on information learned during

discovery in regard to the facts and circumstances surrounding the execution of the Fraudulent Power of Attorney and the SP Funding cash out.

        Respectfully submitted,

        **FOX ROTHSCHILD LLP**

        /s/ K. Edward Raleigh (Bar No. 1013444)
        Kenneth Edward Raleigh
        D.C. Bar No. 1013444
        1030 15th Street, NW
        Suite 380 East
        Washington, DC 20005
        (202) 696-1479 – Telephone
        (202) 461-3102 – Fax
        keraleigh@foxrothschild.com

        Ely Goldin, Esquire *(Pro Hac Vice Pending)*
        Pennsylvania Attorney ID No. 75937
        10 Sentry Parkway, Suite 200
        Blue Bell, PA 19422
        (610) 397-6509 – Telephone
        (610) 397-0450 – Fax
        egoldin@foxrothschild.com

Dated: June 20, 2016

## VERIFICATION

I, Konstantin Shvartser, being of full age, hereby certify that I am the Plaintiff in the foregoing Complaint. I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: 09 JUN 2016

_____
Konstantin Shvartser