# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |  |
|---|---|
| KONSTANTIN SHVARTSER,<br><br>    Plaintiff,<br><br>        v.<br><br>EVELINA LEKSER,<br><br>    Defendant. | Civil Action No. 16-1199 (JDB) |

## MEMORANDUM OPINION & ORDER

Before the court is plaintiff Konstantin Shvartser's [67] motion to compel defendant Evelina Lekser to respond to discovery requests and his motion for sanctions. Shvartser is engaged in a legal dispute Lekser over real property that they own in Washington, D.C. He alleges that in 2015 Lekser executed a fraudulent power of attorney in his name, which she then used to refinance the property. Lekser, in turn, alleges various contract and tort counterclaims against Shvartser.

On January 9, 2017 the Court entered [21] a scheduling order setting a timeline for discovery. Pursuant to this order, initial disclosures under Federal Rule of Civil Procedure 26(a)(1) were due by January 23, 2017; written discovery demands were due by February 28, 2017; and fact discovery was set to close by April 14, 2017. On February 1, 2017, Lekser filed [28] a motion to disqualify Shvartser's counsel and a motion to quash Shvartser's subpoenas. The Court briefly stayed discovery between February 3 and February 15, 2017 while resolving that motion. Ultimately, the Court issued [36] an Order denying Lekser's motion and lifting the stay on discovery. The Court later entered [52] a revised scheduling order on March 28, 2017. This order extended the deadline for fact discovery through June 30, 2017, but did not change the deadline for initial disclosures (which had passed by that point) or written discovery demands.

1

In addition to the timelines identified in the Court's scheduling orders, Federal Rules of Civil Procedure 33 and 34 govern interrogatories directed toward a party and requests for production of documents, respectively. They state the procedure for issuing and responding to such requests, the timeline for responding, and the process for objecting. Rule 33 requires a party to answer or object to interrogatories within 30 days. See Fed. R. Civ. P. 33(b)(2). It also states that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Rule 34 requires that a request for documents be answered in writing within 30 days. See Fed. R. Civ. P. 34(b)(2)(A). If the party to whom the request was made objects, she must "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B).

Despite the clear deadlines stated in this Court's orders and in the Federal Rules of Civil Procedure, Lekser has repeatedly missed the deadlines to respond to Shvartser's interrogatories and requests for production. According to Shvartser, he served his initial disclosures on January 23, and served his First Set of Interrogatories and First Set of Requests for Production of Documents on February 23, 2017. Lekser never provided initial disclosures. And on May 1, 2017, she responded to the interrogatories—a full 67 days after they were served. On May 8, 2017, she provided written responses to the requests for production, but did not produce any documents. Shvartser's motion provides a detailed accounting of the parties' correspondence regarding these discovery requests and the interim delays along the way, which the Court need not recite here. Lekser, for her part, filed [70] an opposition to this motion, but does not contest the facts that Shvartser lays out. Rather, she asserts that her failure to meet the required deadlines is a result of her being pro se and engaged in multiple separate lawsuits, and therefore having difficulty

complying with deadlines despite her best efforts. More recently, she has also raised a medical issue as a reason for the delay in her responses.

Although the court appreciates that Lekser is pro se and provides some allowances for that, her pro se status does not excuse her failure to make a good-faith effort to meet her discovery obligations in a timely manner. See Ficken v. Golden, No. 04-0350, 2007 WL 8027260, at *2 (D.D.C. Dec. 27, 2007) ("It is a [litigant's] responsibility to retain an attorney or to press forward with his lawsuit pro se . . . While such a pro se litigant must of course be given fair and equal treatment, he cannot generally be permitted to shift the burden of litigating his case to the courts, nor to avoid the risks of failure that attend his decision to forgo expert assistance."). Here, Lekser appears to have missed all of the relevant deadlines by a wide margin.

Moreover, Lekser's response to Shvartser's First Set of Interrogatories is incomplete and inadequate. Lekser repeatedly fails to answer questions, or refuses to answer because she states that the plaintiff already knows the relevant information. See generally, Ex. H to Pl.'s Mot. to Compel [ECF No. 67-1]. She also declines to answer certain questions because the answer is "confidential and privileged," but does not specify the applicable privilege. See, e.g., id. at 8. These responses are far from the full answers required by Rule 33.

Lekser's response to Shvartser's First Set of Requests for Production of Documents are likewise inappropriate. Sheprovided written responses to Shvartser's requests, but did not, according to Shvartser, produce a single document. In her written responses, Lekser at times refuses to provide requested documents because she believes that Shvartser "has the documents in his possession." See Ex. K to Pl.'s Mot. to Compel [ECF No. 67-1] at 1–3. She identifies certain documents that she will provide later, or after a confidentiality agreement has been entered. See id. at 3, 6. But 38 days have elapsed since Lekser provided this response, and according to

Shvartser's counsel's representation in a hearing on June 15, 2017, she still has not produced any documents. Lekser also responded to several questions by refusing to provide documents before the plaintiff's deposition. See, e.g., id. at 4, 6. These responses do not comply with the requirements of Rule 34. Lekser may only refuse to disclose certain documents if she believes they are privileged or has another valid objection under the Rules; she may not withhold documents for other reasons. The Court will therefore grant Shvartser's motion to compel, pursuant to terms outlined below.

Shvartser also moves for sanctions against Lekser under Federal Rule of Civil Procedure 37. He requests any sanctions that the Court deems appropriate, ranging from entering default judgment in his favor, to ruling that some of Lekser's defenses and counterclaims are waived, to providing a stern warning that sanctions will be forthcoming if this behavior continues. The Court does not believe that sanctions are appropriate at this time. Rather, the Court instructs Lekser to comply with the terms outlined below so that the parties can move forward in resolving this case on the merits. However, Lekser is on notice that if she fails to comply with the Court's orders moving forward, "the Court will be forced to issue harsher sanctions[.]" Davis v. D.C. Child & Family Servs. Agency, 304 F.R.D. 51, 64 (D.D.C. 2014).

## **CONCLUSION**

For the reasons stated above, it is hereby **ORDERED** that [67] Shvartser's motion to compel is **GRANTED**; it is further

**ORDERED** that Lekser shall provide complete responses to Shvartser's First Set of Interrogatories by not later than June 30, 2017; it is further

**ORDERED** that Lekser shall provide the requested documents in response to Shvartser's First Set of Requests for Production of Documents by not later than June 30, 2017; it is further

4

**ORDERED** that to the extent plaintiff believes that any requested documents are protected by a legally cognizable privilege, she must provide Shvartser with a list identifying each specific document and stating the reason why it is privileged; and it is further

**ORDERED** that Shvartser's motion for sanctions is **DENIED**.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated: June 16, 2017