UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KONSTANTIN SHVARTSER,

    Plaintiff,

       v.

EVELINA LEKSER,

    Defendant.

Civil Action No. 16-1199 (JDB)

## MEMORANDUM OPINION

Before the court is plaintiff Konstantin Shvartser's [66] motion to compel four individuals who are not party to this litigation to produce documents and appear for depositions in response to Rule 45 subpoenas. For the reasons explained below, the Court will grant the motion with respect to three of the third parties, and deny it with respect to the fourth.

## BACKGROUND

Shvartser is engaged in a legal dispute with his daughter, defendant Evelina Lekser, over real property that they own in Washington, D.C. Shvartser alleges that in 2015 Lekser executed a fraudulent power of attorney in Shvartser's name, which she then used to refinance the property. As relevant here, Shvartser seeks discovery from four individuals: Alan Herweck and Arthur Holmberg, both of whom allegedly witnessed this power of attorney; Raoul Silver, the notary public who notarized this power of attorney; and William Holden III, who allegedly entered into a lease agreement with Lekser regarding the property. Because the Court only has Shvartser's account of the relevant facts, as presented in this motion and his counsel's statements during a hearing held on June 15, 2017, the analysis that follows relies on those representations.

## ANALYSIS

Federal Rule of Civil Procedure 45 governs subpoenas for discovery in civil matters, as well as motions to compel. A subpoena may command a person to attend a deposition or produce documents, with certain limitations. See Fed. R. Civ. P. 45(c). The subject of the subpoena may object, which then requires the party seeking the subpoena to move the court to compel compliance. Fed. R. Civ. P. 45(d)(2)(B). The subject of the subpoena may also file a motion to quash with the court. Fed. R. Civ. P. 45(d)(3). The subject of the subpoena may not, however, simply fail to respond.

### A. Alan Herweck

On October 20, 2016 Herweck was served with a subpoena to produce documents. See Ex. A [ECF No. 66-3]. On January 28, 2017 Herweck was served with a subpoena to attend a deposition scheduled for February 22, 2017. See Ex. B. To date, according to Shvartser, Herweck has not responded to either subpoena and did not appear for his deposition.

The Court will order Herweck to comply with the subpoena seeking documents and to appear for a deposition by July 10, 2017, or by a date otherwise agreed to by Shvartser and Herweck.

### B. Arthur Holmberg

On October 25, 2016 Arthur Holmberg was served with a subpoena to produce documents. See Ex. C. He responded via letter that he had no responsive documents to provide. See Ex. D. On January 10, 2017 he was served with a subpoena for a deposition to be held on February 3, 2017. See Ex. E. He failed to appear for that deposition. In a March 27, 2017, letter he agreed to be deposed and suggested that he was available during the week of May 22. See Ex. G. Shvartser then noticed a deposition for May 24, 2017. See Ex. H. In the June 15 hearing, Shvartser's counsel represented that the May 24 deposition also did not take place.

The Court will order Holmberg to appear for a deposition by July 10, 2017, or by a date otherwise agreed to by Shvartser and Holmberg.

**C. Raoul Silver**

On February 1, 2017, Silver was served with a subpoena to produce documents and to appear at a deposition on February 16. See Ex. I. He did not respond to the request for production nor did he appear at the deposition. On March 31, 2017, Silver's physician sent a letter to Shvartser stating that Silver was required to avoid "stressful situations" due to a medical condition. See Ex. K. Shvartser responded via letter, advising Silver that unless he objects or files a motion to quash in accordance with Rule 45, he must appear for a deposition and respond to the request for production. See Ex. L. Shvartser has not had any further communication with Silver.

The Court will order Silver to comply with the subpoena requesting documents and to appear for a deposition by July 10, 2017, or by a date otherwise agreed to by Shvartser and Silver. If Silver believes that deposition presents an undue burden, or that he is entitled to relief from the subpoena for any other legally cognizable reason, he may object or move to quash the subpoena in accordance with Rule 45.

**D. William Holden III**

During the hearing held on June 15, Shvartser's counsel represented to the Court that Holden may not have been properly served. The Court will therefore deny the motion to compel with respect to Holden.

## **CONCLUSION**

The Court will grant the motion to compel with respect to Alan Herweck, Arthur Holmberg, and Raoul Silver, and deny the motion to compel with respect to William Holden. Separate orders will issue on this date.

3

/s/
                                    JOHN D. BATES
                               United States District Judge

Dated:  June 16, 2017