# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

KONSTANTIN SHVARTSER,

Plaintiff,

v.

EVELINA LEKSER,

Defendant.

Civil Action No. 16-1199 (JDB)

## MEMORANDUM OPINION & ORDER

Before the Court is [103] defendant Evelina Lekser's motion for a protective order to determine whether or not certain documents are privileged and therefore not subject to discovery.

## BACKGROUND

Plaintiff Konstantin Shvartser served Lekser with his First Set of Interrogatories and First Set of Requests for Production of Documents on February 23, 2017. See Pl.'s Mot. to Compel, Ex. C [ECF No. 67-3]. After substantial delay and several court orders, Lekser provided a response to the interrogatories on May 1 and some responsive documents on May 8. See Pl.'s Mot. to Compel, Exs. G, H, I [ECF No. 67-3]. Following briefing and a hearing held on June 15, 2017, the Court granted Shvartser's motion to compel and ordered Lekser to provide complete responses to Shvartser's discovery requests by June 30, 2017. See June 16, 2017, Mem. Op. & Order [ECF No. 80]. Then, following another status conference and a phone call, the Court issued another two orders requiring Lekser to provide complete responses to Shvartser's discovery requests. July 11, 2017, Scheduling Order [ECF No. 96]; Aug. 2, 2017, Order [ECF No. 100]. In response to these Court orders, Lekser produced some documents to Shvartser; however, she also asserted that some documents and interrogatory responses were protected by privilege, on the grounds of a non-

1

disclosure agreement and diplomatic immunity.  See Def.'s Mot. for Protective Order [ECF No. 103].  On August 10, 2017 Lekser filed this motion seeking a protective order to shield the documents that she believes are privileged.  Id.  Shvartser opposes the motion.  See Pl.'s Opp'n [ECF No. 104].  In response to a court order, Lekser submitted one document—the non-disclosure agreement—for in camera review.  See Aug. 18, 2017, Order [ECF No. 107] (order requiring privilege log); Def.'s Privilege Log [ECF No. 108]; Aug. 23, 2017, Minute Order (requiring submission of potentially privileged documents for in camera review).

The Court then held a hearing on this matter on Tuesday, September 6, 2017.  At that hearing, Lekser represented that she is only claiming that two documents are privileged:  a non-disclosure agreement between herself and someone identified as Lord William Holden, and a lease agreement between herself and Mr. Holden.  She stated that, despite any contrary representations in her filings or Shvartser's filings, those are the only two documents in her possession that are responsive to plaintiff's discovery requests but that she believes she cannot produce due to privilege.  She also represented that she is no longer claiming that any documents are protected by diplomatic immunity.  Rather, she claims that both of the withheld documents are privileged by virtue of the non-disclosure agreement itself.  During the hearing, she did not present any argument that the non-disclosure agreement is not relevant to plaintiff's discovery requests, and in fact, Shvartser (through counsel) represented that he believes that the non-disclosure agreement is relevant and therefore responsive to his discovery requests.

Having reviewed the parties' filings, reviewed in camera the non-disclosure agreement, and considered the parties' representations during the hearing held on September 6, the Court finds that the non-disclosure agreement does not create any privilege that protects documents from discovery, and therefore neither the non-disclosure agreement nor the lease are privileged.  The

Court therefore denies Lekser's motion for a protective order and orders her to produce these two documents to Shvartser as instructed below.

## ANALYSIS

As a general rule, "confidentiality agreements will not stand as a barrier to discovery between two parties in litigation." Saini v. Int'l Game Tech., 434 F. Supp. 2d 913, 922 (D. Nev. 2006); see also Multiven, Inc. v. Cisco Sys., Inc., 2010 WL 583955, at *3 (N.D. Cal., Feb. 16, 2010); In re Grand Jury Subpoena, 148 F.3d 487, 492 (5th Cir. 1988) ("'Confidential' does not necessarily mean 'privileged.'"); Nguyen Da Yen v. Kissinger, 528 F.2d 1194, 1205 (9th Cir. 1975). There certainly may be instances where information that happens to be covered by a non-disclosure agreement—such as trade secrets—is privileged and thereby protected from discovery. However, the non-disclosure agreement itself does not confer a legal privilege from discovery on any documents that were not already privileged.

There is a wide range of scenarios where the parties' legitimate interests in their privacy makes a protective order appropriate to safeguard information disclosed in discovery. Indeed, courts "commonly require parties to produce confidential documents; the confidentiality of those documents is protected not by denying access to them, but by entering a protective order to cover them." Promotional Marketing Insights, Inc. v. Affiliated Computer Servs., Inc., 2012 WL 3292888, at *1 (D. Minn., Aug. 13, 2012). Such protective orders are not of the type that Lekser seeks here—here, Lekser seeks an order determining that certain documents are privileged—but rather, are of the type that limit the opposing party's ability to use the documents for purposes outside of the litigation. A protective order of that sort is already in place in this matter. See Confidentiality Agreement and Protective Order, June 13, 2017 [ECF No. 74].

Because this case invokes the Court's diversity jurisdiction, any applicable privilege comes from state law. See Fed. R. Evid. 501. Neither party has identified any relevant D.C. law regarding whether business documents subject to a confidentiality agreement are privileged from discovery. The Court, in its own research, has not found any basis for such a privilege in D.C. law.

The case that Lekser cites is consistent with these general rules. In that case, this court considered whether a non-party could be compelled to provide information about litigation in the U.S. District Court for the District of Maryland. The court determined that it certainly could not order a non-party to violate an "existing court-ordered or court-approved" confidentiality agreement entered by the District of Maryland, and that it would not order the non-party to "violate the terms of any . . . privately stipulated confidentiality agreement" regarding the District of Maryland litigation as well. Peskoff v. Faber, 230 F.R.D. 25, 31 (D.D.C. 2005). That is a different scenario than the one here. In this matter, the discovery is directed toward a party, and the non-disclosure agreement is not related to any matters that are subject to ongoing litigation in another court, much less any matter for which another court has entered confidentiality orders.

The Court thus concludes that the non-disclosure agreement does not confer any privilege on any document that might be subject to that agreement. Therefore, neither the agreement itself, nor the lease, are privileged by virtue of the non-disclosure agreement. The Court will accordingly deny Lekser's motion for a protective order that prevents her from disclosing these documents on the grounds of privilege. The Court recognizes Lekser's legitimate interest in keeping business information confidential and therefore reiterates that the parties are bound by the protective order entered on June 13, 2017.

## **CONCLUSION**

For the reasons explained above, the Court finds that the non-disclosure agreement between Lekser and Mr. Holden and the lease between Lekser and Mr. Holden are not privileged. It is therefore

**ORDERED** that [103] Lekser's motion for a protective order is **DENIED**; and it is further

**ORDERED** that Lekser produce the non-disclosure agreement and the lease to Shvartser by not later than 5:00 p.m. on Tuesday, September 13, 2017.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated: September 7, 2017