UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KONSTANTIN SHVARTSER,

    Plaintiff,

        v.

EVELINA LEKSER,

    Defendant.

Civil Action No. 16-1199 (JDB)

## MEMORANDUM OPINION

Before the Court is plaintiff's motion to compel documents and deposition testimony from third-party witnesses Dr. Arthur Holmberg, Michael Savino, and Stephen Fox. See Pl.'s Mot. to Compel and to Extend the Deadline for Dispositive Mots. [ECF No. 150] ("Pl.'s Mot.").[1] Each of the three witnesses has submitted an opposition to the motion,[2] and plaintiff has filed a consolidated reply, see Pl.'s Reply Br. in Further Supp. of His Mot. to Compel [ECF No. 154] ("Pl.'s Reply"). For the reasons that follow, the Court will grant plaintiff's motion.

---

[1] The Court extended the deadline for dispositive motions by minute order on January 25, 2018.

[2] In its January 25 minute order, the Court directed the witnesses to file their responses to plaintiff's motion, if any, by not later than February 1, 2018. On February 1, the Court received by email [152] an "affirmation" by Mr. Savino ("Savino Decl.") and [153] a declaration by Mr. Fox ("Fox Decl."), which stated both witnesses' grounds for opposing the motion. Then, on February 2, the Court received the following email from Dr. Holmberg:

"Dear Judge Bates:

My name is Arthur Holmberg, MD and this email is written in partial opposition to the motion of the plaintiff to compel my testimony. I am checking on the dates of availability of my attorney to make sure we are both available on a specific day. I am available on February 15, 16 or 19 for the less than half day requested. In addition, I am verifying that my attorney can provide internet video so I may be in the Greenwich, CT area for the deposition.

Subject to the above, I will be available for the internet deposition.

Sincerely,

Arthur Holmberg, MD"

### I. The Deposition of Dr. Holmberg

Plaintiff first seeks an order directing Dr. Holmberg to appear in New York City for his deposition on a set date not later than February 20, 2018. See Pl.'s Mot. at 2; Pl.'s Reply at 2. The Court previously ordered Dr. Holmberg to appear for a deposition on January 4, 2018. See Order [ECF No. 142]. Dr. Holmberg has since postponed that deposition three times, citing factors such as a dog bite, a fall, inclement weather, and the need to be near his patients. Most recently, Dr. Holmberg postponed his deposition because he needed time to retain an attorney and because he was unwilling to travel from his home in Greenwich, Connecticut to plaintiff's counsel's offices in New York City.

None of these grounds is sufficient to continue to delay Dr. Holmberg's deposition. Federal Rule of Civil Procedure 45(c) provides that "[a] subpoena may command a person to attend a . . . deposition only . . . within 100 miles of where the person resides, is employed, or regularly transacts business in person," Fed. R. Civ. P. 45(c)(1)(A), and a court "must" quash or modify a subpoena that commands a witness to travel further, Fed. R. Civ. P. 45(d)(3)(A)(ii). But here, the distance between Greenwich and New York City is less than 30 miles, and Dr. Holmberg has not identified any reason that the trip would otherwise impose "undue burden or expense" on him. Fed. R. Civ. P. 45(d)(1); see Guy v. Vilsack, 293 F.R.D. 8, 13 (D.D.C. 2013) (holding that a plaintiff's fear of being alone in the same room with defense counsel did not justify denying the defendant "the benefit and convenience of an in-person deposition"). Nor has he explained why he was unable to retain an attorney earlier, given that he was first subpoenaed to testify in this case over a year ago. See Pl.'s Mot. to Extend Discovery and for Miscellaneous Relief [ECF No. 110-1] at 2 ("Plaintiff originally served Arthur Holmberg . . . with a subpoena to testify in January 2017.").

Thus, the Court will grant plaintiff's motion and order Dr. Holmberg to appear at the offices of Fox Rothschild LLP in New York City for a deposition of four hours or less on Monday, February 19, 2018.[3] Moreover, in light of his repeated failures to attend his previously scheduled depositions, Dr. Holmberg is hereby placed on notice that failure to comply with this order "without adequate excuse" may expose him to sanctions, including a finding of contempt. Fed. R. Civ. P. 45(g).

## II.  Document Requests Directed to Mr. Savino and Mr. Fox

Next, plaintiff seeks an order requiring Mr. Savino and Mr. Fox to comply with various document requests made in subpoenas that issued on November 29, 2017. See Pl.'s Mot. at 3–5. Mr. Savino testified that, in response to plaintiff's ten distinct requests, he ran only two searches of his email account. See Ex. B to Pl.'s Mot. [ECF No. 150-5] ("Savino Dep.") at 172–73. And Mr. Fox, who was served with seven distinct document requests, produced no documents at all. See Pl.'s Mot. at 4; Fox Decl. at 2 (not contesting this fact).

The two witnesses have offered various explanations for their failure to comply with plaintiff's document requests. At his deposition, Mr. Savino cited a nondisclosure agreement as the basis for his failure to produce certain documents, see Ex. B to Pl.'s Mot. [ECF No. 150-5] ("Savino Dep.") at 16–18, 92–93, 219, and testified that he simply "overlooked" other responsive documents, see id. at 95–96. Now, in his declaration, Mr. Savino states that he "showed [plaintiff] pictures and documents as to Mr. Holden," a person who was the subject of just one of the ten requests, and argues that because he "used the proper keywords" it did not matter whether he ran "one search or one hundred searches." Savino Decl. at 2. For his part, Mr. Fox testified at his

---

[3] Though plaintiff suggests that the deposition take place the following day, February 20, see Pl.'s Reply at 2, the Court will once again accommodate Dr. Holmberg's schedule by ordering him to appear for his deposition on February 19—one of the three dates he listed in his email to the Court.

3

deposition that he was withholding documents on the basis of the attorney-client privilege, a "conflict of interest between [plaintiff] and the Defendant," and because he had not yet "had an opportunity" to review the document requests with an attorney. See Ex. C to Pl.'s Mot. [ECF No. 150-6] ("Fox Dep.") at 65. In his declaration, Mr. Fox seeks an audience with the Court to discuss the privilege issue in camera. Fox Decl. at 2.

Again, Rule 45 clearly lays out the proper procedure for objecting to document requests made in a third-party subpoena:

> A person commanded to produce documents . . . may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials . . . . The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served.

Fed. R. Civ. P. 45(d)(2)(B). Once a third-party witness serves such an objection, the party seeking the information may move for an order "compelling production," and production "may be required only as directed in the order." Id. Moreover, when a party objects on the basis of a claim of privilege, the party "must . . . expressly make the claim" and "describe the nature of the withheld documents . . . in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45(e)(2)(A).

As neither witness disputes, Mr. Savino and Mr. Fox did not follow these procedures here. Instead, both witnesses appeared at their depositions with less than all of (or, in Mr. Fox's case, none of) the requested documents and asserted the various objections discussed above. This is not the proper way to object to a request for the production of documents. And in any case, the untimely objections that the witnesses now assert are insufficient to justify their failure to comply with the subpoenas. For example, as plaintiff points out, see Pl.'s Reply at 1, this Court has already ruled that "[a] non-disclosure agreement itself does not confer a legal privilege from discovery." See Mem. Op. & Order [ECF No. 116] at 3. Nor is an unspecified "conflict of interest" or a

4

witness's failure to timely retain an attorney an adequate excuse. Moreover, if Mr. Fox—who is himself an attorney—believes that some of the documents plaintiff seeks are covered by the attorney-client privilege, he must do as Rule 45 instructs: he must make a list of each responsive document that he believes is subject to the privilege and state "the nature of [each] withheld document[] . . . in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45(e)(2)(A). Unless and until he does this, he must comply with plaintiff's document requests.

For the foregoing reasons, the Court will require Mr. Savino and Mr. Fox to comply with plaintiff's document requests by not later than Monday, February 19, at 1:00 p.m. And like Dr. Holmberg, Mr. Savino and Mr. Fox are hereby placed on notice that failure to comply fully with plaintiff's requests—that is, to search for each and every document in the witness's possession that is responsive to each and every request—will expose them to sanctions, up to and including contempt. See Fed. R. Civ. P. 45(g).

### III. Additional Four-Hour Deposition of Mr. Fox

Finally, plaintiff claims that Mr. Fox generally refused to give meaningful answers to the questions he was asked at his deposition and that, as a result, an additional four-hour deposition of Mr. Fox is required. The Court will grant this request as well.

At his deposition, Mr. Fox withheld testimony on various grounds, including his fear that plaintiff would seek to interfere with his efforts to collect on a debt, see Fox Dep. at 45, and the attorney-client privilege, see id. at 54–57. The first ground is insufficient to justify Mr. Fox's refusal to answer, especially because the protective order in this case prevents plaintiff from using Mr. Fox's answers "for any purpose other than in connection with the lawsuit and/or settlement of this action." See Protective Order [ECF No. 74] at 1. And although a litigation privilege is a valid

basis to refuse to answer a question at a deposition, see Fed. R. Civ. P. 30(c)(2), the Court cannot address Mr. Fox's claim of privilege now because, as the Court has already noted, Mr. Fox's objection did not comply with Rule 45.

For the foregoing reasons, the Court will order Mr. Fox to appear at the offices of Fox Rothschild LLP on Tuesday, February 20, 2018 for an additional four-hour deposition. At that deposition, Mr. Fox shall not refuse to answer any question except on the basis of a privilege (or one of the other grounds listed in Federal Rule of Civil Procedure 30(c)(2)). The Court will also deny Mr. Fox's request for an in camera discussion of the privilege issues he believes are raised by plaintiff's questions. Instead, the Court will require Mr. Fox to serve on all parties, and file with the Court, any objection to any question that he refused to answer at his prior deposition by not later than Monday, February 19, 2018 at 1:00 p.m. And again, failure to comply with any of the foregoing directions may expose Mr. Fox to sanctions, up to and including contempt. See Fed. R. Civ. P. 45(g).

**IV. Conclusion**

For the foregoing reasons, plaintiff's motion to compel will be **GRANTED**. A separate order will issue on this date.

/s/
JOHN D. BATES
United States District Judge

Dated: February 12, 2018