UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KONSTANTIN SHVARTSER,

    Plaintiff,

        v.

EVELINA LEKSER,

    Defendant.

Civil Action No. 16-1199 (JDB)

## MEMORANDUM OPINION

Currently before the Court are two motions filed by the defendant, Evelina Lekser, who is once again proceeding pro se. In her first motion, Lekser seeks leave to assert new claims against plaintiff's counsel and against two entities, Snowpoint Capital LLC ("Snowpoint") and SP Funding 452 LLC ("SP Funding"), both of which loaned Lekser money in 2015 to refinance the mortgage on the property that is the subject of this lawsuit. See Mot. for Leave to Amend the Verified Am. Compl. [ECF No. 149] ("Mot. for Leave to Amend"). In her second motion, Lekser asks the Court to enjoin SP Funding from foreclosing on the property. See Emergency Mot. Asking Court to Stay Foreclosure Sale of Property [ECF No. 163] ("Emergency Stay Mot."); Notice of Intent to Foreclose [ECF No. 163-2] at 2.

These motions represent neither the first time that Lekser has accused plaintiff's counsel of misconduct, see Def.'s Mot. to Disqualify Counsel [ECF No. 23]; February 2, 2015 Order [ECF No. 30] (denying the motion), nor the first time that she has attempted to impede the sale of the property, see Opp'n to Pl.'s Mot. for Summ. J. [ECF No. 57] (opposing plaintiff's motion for partial summary judgment on his claim for partition by sale); Def.'s Mot. for Reconsideration [ECF No. 102] (seeking reconsideration of the Court's order granting the request for partition). For the reasons that follow, both these motions will be denied.

## I. Background

Because the Court's prior opinions describe the factual background of this lawsuit in some detail, see, e.g., July 5, 2017 Mem. Op. [ECF No. 88] at 1–4, the Court will only briefly summarize that background here. In 2008, Lekser and her father, plaintiff Konstantin Shvartser, jointly purchased a property located in Washington, D.C. Lekser and Shvartser both allege that at some point thereafter, each party began a campaign of fraudulent conduct to deprive the other of his or her interest in the property. Shvartser claims that in 2015, Lekser executed a fraudulent power of attorney, used that document to refinance the mortgage on the property, and pocketed a portion of the loan proceeds. See Am. Compl. [ECF No. 44] ¶ 28. Lekser claims that Shvartser engaged in a "pattern of prolonged abuse and harassment" to force her to relinquish her claim to the property, Answer [ECF No. 53] ¶ 129, which included hiring a third party to harass her, see id. ¶ 131, and failing to make agreed-upon renovations, see id. ¶ 133. Lekser does not deny, however, that she borrowed $800,000 from SP Funding or that the loan was secured by a mortgage on the property.

Shvartser filed this action against Lekser in 2016, and he later moved for partial summary judgment on his claim for partition of the property by sale. See Pl.'s Mot. for Partial Summ. J. [ECF No. 47]. In July 2017, the Court granted the motion and directed "Shvartser or his agent" to oversee the sale of the property and to "conduct any necessary repairs and renovations in preparation for sale." See July 5, 2017 Order [ECF No. 87] ("Partition Order"). Since the date of the Court's order, however, the property has not been sold. See Lekser Decl. [ECF No. 149-1] ¶¶ 10–12. Instead, SP Funding has initiated foreclosure proceedings due to Lekser's failure to make payments on the $800,000 loan. See Notice of Intent to Foreclose at 1. The foreclosure sale is scheduled to take place on Thursday, March 1, 2018. See id.

In the motions currently before the Court, Lekser seeks leave to assert claims against Shvartser's counsel, Fox Rothschild LLP, for its alleged failure to comply with the Court's Partition Order, see Mot. for Leave to Amend at 8–18, and against SP Funding for alleged statutory violations stemming from the issuance of the 2015 loan, see id. at 19. She also seeks a stay of the foreclosure sale. See Reply in Supp. of Def.'s Mot. for Leave to Amend [ECF No. 153] ("Def.'s Reply") at 4–5; Emergency Stay Mot. at 5–9. Both motions will be denied.

## II. Legal Standard

Under Federal Rule of Civil Procedure 15(a), leave to file an amended a pleading "shall be freely given when justice so requires." However, the Court may deny such leave "when [it] finds 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment.'" Ellis v. Georgetown U. Hosp., 631 F. Supp. 2d 71, 79 (D.D.C. 2009) (citations, alterations, and internal quotation marks omitted) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

## III. Discussion

### A. Claims Against Fox Rothschild

The bulk of Lekser's motion seeks leave to assert various claims against Shvartser's counsel, Fox Rothschild, for its alleged failure to renovate and sell the property pursuant to the July 2017 Partition Order. She asserts claims for misrepresentation, breach of fiduciary duty, injurious falsehood (a tort similar to defamation),[1] "breach of judicial orders," and "mismanagement of assets." Proposed Second Am. Compl. [ECF No. 149-2] at 8–10.

---

[1] "'Injurious falsehood' is generally used to describe a group of torts also known as disparagement of property, slander of title or trade libel. It is closely related to traditional libel and slander except that the injury is not to personal reputation, but rather to the plaintiff's interest in, or the quality of, the plaintiff's property." Whetstone Candy Co., Inc. v. Nat'l Consumers League, 360 F. Supp. 2d 77, 83 n.4 (D.D.C. 2004).

3

Drawing on an analogy to corporate law, Lekser seeks to assert these claims against Fox Rothschild derivatively—that is, on behalf of both parties and the property itself—and as a result, her motion seeks leave to amend Shvartser's amended complaint. See Mot. for Leave to Amend at 8–10. She likens herself and Shvartser to shareholders in a corporation and, just as shareholders may sometimes assert derivative fiduciary claims against the corporation's officers on the corporation's behalf, seeks to assert claims against Fox Rothschild for breaching the Partition Order on the property's behalf. Lesker cites no authority for this novel legal theory, however. Unlike a parcel of real estate, a corporation is a legal person,[2] and the Court is unaware of any authority holding that a physical property may assert claims at all, much less that one of the property's several joint owners may assert claims on the property's behalf. Thus, Lekser's derivative claims against Fox Rothschild would not survive a motion to dismiss, and the filing of any amended or supplemental pleading to assert them would be futile.

Nevertheless, because documents filed pro se are to be liberally construed, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), the Court will treat Lekser's motion for leave to amend as what it is: a motion to assert claims on her own behalf against Fox Rothschild for its alleged failure to comply with the Partition Order. See Fed. R. Civ. P. 13(e) ("The court may permit a party to file a supplemental pleading asserting a counterclaim that matured or was acquired by the party after serving an earlier pleading."). Even so construed, however, Lekser's motion still fails.

As an initial matter, Lekser has not adequately explained why Shvartser's counsel—as opposed to Shvartser himself—is the proper defendant. As the D.C. Court of Appeals has recognized on several occasions, "[o]nly in rare circumstances will a party be justified in suing [her] opponent's lawyer." Nave v. Newman, 140 A.3d 450, 456 (D.C. 2016) (citation omitted).

---

[2] See, e.g., Samantar v. Yousuf, 560 U.S. 305, 315 (2010) ("Separate legal personality has been described as 'an almost indispensable aspect of the public corporation.'" (citation omitted)).

Here, the relevant portions of the Partition Order imposed obligations on "Shvartser or his agent," not on Fox Rothschild. See Partition Order ¶¶ 2–6. And although Lekser is correct that Fox Rothschild has acted on Shvartser's behalf throughout this litigation, see Mot. for Leave to Amend at 14–15, this is a reason to immunize Fox Rothschild from liability, not a reason to impose liability. See Nave, 140 A.3d at 456 ("If an attorney pursues in good faith his client's interests on a matter fairly debatable in the law, he cannot be held liable to an opposing party." (alterations, citations, and internal quotation marks omitted)).

Moreover, even if Fox Rothschild were the proper defendant, Lekser's claims still would not survive a motion to dismiss. As Shvarster notes in his opposition and Lekser does not dispute in her reply,[3] two of the five claims asserted in Lekser's proposed amended complaint—"breach of judicial orders" and "mismanagement of assets"—are not causes of action recognized under D.C. law. Lekser's misrepresentation claim fails because it does not state what action Lekser took in reliance on Fox Rothschild's allegedly false representations to the Court that it would oversee the renovation and sale of the property. See Alicke v. MCI Commc'n Corp., 111 F.3d 909, 912 (D.C. Cir. 1997) ("A claim for common law fraud or negligent misrepresentation requires, among other things, an allegation that the plaintiff acted in reliance upon the alleged misrepresentation."). Her breach-of-fiduciary-duty claim fails because she has not established that Fox Rothschild owes her any such duty, see Scott v. Burgin, 97 A.3d 564, 566 (D.C. 2014) ("[T]he general rule is that the obligation of the attorney is to his client, and not to a third party." (internal quotation marks and citations omitted)), and she has not even attempted to explain why her claim for injurious falsehood would not be barred by the privilege that protects statements made in judicial proceedings, see In re Spikes, 881 A.2d 1118, 1123 (D.C. 2005) ("[A]n attorney is protected by

---

[3] See Pl.'s Opp'n to Def.'s Mot. for Leave to Amend [ECF No. 151] at 3; Def.'s Reply at 2–4.

absolute privilege to publish false and defamatory matter of another during the course of or preliminary to a judicial proceeding, provided the statements bear some relation to the proceeding."). Thus, permitting Lekser to amend her complaint to assert these claims would be futile, and the motion for leave to amend as to Fox Rothschild will be denied.[4]

### B. Claims Against Snowpoint and SP Funding

Lekser's proposed claims against Snowpoint and SP Funding can be disposed of more readily. Lekser asserts that these entities "failed to properly register with the appropriate [D.C.] agency . . . , failed to obtain proper licenses from the appropriate [D.C.] agency . . . , and failed to obtain a bond from the appropriate [D.C.] agency . . . prior to, among other things, engaging in the act of lending residential funds, as a mortgage and note, regarding the Property." See Proposed Am. Compl. at 10–12; see also D.C. Code § 26–901 (licensing requirement); id. § 26–903 (bond requirement). But Lekser points to no authority recognizing a private right to enforce these statutes through a civil action for damages, cf. id. § 26–907 (authorizing the enforcement of these provisions through criminal prosecution or administrative action), and even if there were such a right, the bare allegations in Lekser's proposed pleading would be insufficient to survive a motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (explaining that a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). Moreover, Lekser has provided no explanation for her failure to assert her claims against Snowpoint and SP Funding—all of which relate to a loan that was issued in 2015—earlier in the litigation. See Ellis, 631 F. Supp. 2d at 79 (citing "undue delay" as a reason

---

[4] Granting Lekser's motion as to Fox Rothschild would also add a new party to the litigation shortly before the deadline for dispositive motions. See January 28, 2018 Minute Order (setting Wednesday, February 28, 2018 as the deadline). A change on such short notice would prejudice both parties and would only further delay the resolution of this litigation. See Ellis, 631 F. Supp. 2d at 79.

to deny leave to file an amended pleading). Thus, Lekser's motion for leave to assert claims against these entities will be denied.

### C. Request for an Injunction

Finally, Lekser asks the Court to enjoin the foreclosure sale that is currently set to take place on Thursday, March 1, 2018. See Def.'s Reply at 4–5. As authority for the Court's power to issue such an injunction, Lekser points only to the Court's "inherent powers," Def.'s Reply at 4, and "the Property's status as the res of this lawsuit[] and . . . [as] the focus of previous Orders of this Court," Emergency Stay Mot. at 9. And as substantive grounds for the injunction, Lekser cites "Fox Rothschild's failure to abide by the Court's Orders" and the fact that the loan on which SP Funding is foreclosing was allegedly issued in violation of D.C. law. Emergency Stay Mot. at 5–6, 9. But the statutory provisions that Lekser cites do not expressly authorize courts to enjoin such forecloses, cf. D.C. Code § 26–907 (providing that "the court may order any person violating this chapter to make restitution for the value of property illegally obtained as a result of the violation"), and given the thinness of Lekser's factual allegations on this score, the Court is not inclined to exercise whatever equitable powers it may have to stop the foreclosure sale. Thus, the Court will deny Lekser's eleventh-hour request for an injunction.

### IV. Conclusion

For the foregoing reasons, Lekser's Motion for Leave to Amend the Verified Amended Complaint and her Emergency Motion Asking Court to Stay Foreclosure Sale of Property will be **DENIED**. A separate order has been issued on this date.

/s/
JOHN D. BATES
United States District Judge

Dated: February 26, 2018