**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| KONSTANTIN SHVARTSER, |
| Plaintiff, |
| v. |
| EVELINA LEKSER, |
| Defendant. |

Civil Action No. 16-1199 (JDB)

## ORDER

Currently before the court are [169] plaintiff Konstantin Shvartser's motion for summary judgment and [170] and [174] defendant Evelina Lekser's cross-motions for summary judgment. For the reasons explained below, the Court will deny these motions without prejudice until: (1) the property that is the subject of this lawsuit (the "property") is sold pursuant to the Court's July 5, 2017 partition order, see July 5, 2017 Order [ECF No. 87], and (2) the claims in a related case—which involves the same two parties and the property at issue here—are resolved, see Shvartser v. Lekser, Civil Action No. 18-473 (JDB) (D.D.C. filed Feb. 28, 2018) ("Shvartser II").

In this case, Shvartser seeks summary judgment on his claims against Lekser for breach of fiduciary duty (Count I), fraud (Count II), conversion (Count III), unjust enrichment (Count IV), and breach of contract (Count VII). See Statement of P. & A. in Supp. of Pl.'s Mot. for Summ. J. ("Pl.'s MSJ") [ECF No. 169-1] at 14–23.[1] As a remedy, he seeks (1) "the difference between the balance on the original mortgage [on the property] at the time of [Lekser's allegedly unlawful] refinance and the balance of the new refinanced mortgage," which he calculates to be $658,237.27,

---

[1] As plaintiff notes in his motion, the remaining counts of the complaint—which seek a constructive trust (Count V), a permanent injunction (Count VI), and request for accounting (Count IX)—are "more accurately described as remedies." See Pl.'s MSJ at 13 n.3. The Court has already entered judgment in plaintiff's favor on Count VIII and ordered that the property be partitioned and sold. See Shvartser v. Lekser, 257 F. Supp. 3d 30, 37 (D.D.C. 2017).

id. at 28; and (2) approximately $500,000 that Shvarster claims he transferred to Lekser for renovations on the property that were never completed, see id. Shvartser also seeks summary judgment on Lekser's counterclaims for breach of contract (Count 1), misrepresentation (Count 2), "emotional pain and suffering," which Shvartser correctly notes resembles a counterclaim for intentional infliction of emotional distress (Count 3), and tortious interference (Count 4). See id. at 24–28.

Defendant, proceeding pro se, cross-moves for summary judgment both as to plaintiff's claims, see Statement of P. & A. in Supp. of Def.'s Mot. for Summ. J. ("Def.'s MSJ as to Pl.'s Claims") [ECF No 170-1] at 6–10, and as to her own, see Def.'s Cross-Mot. for Summ. J. as Against Pl. on All Counterclaims ("Def.'s MSJ as to Def.'s Countercls.") [ECF No. 174] at 1. Although defendant's motions do not state the relief she seeks, her counterclaim seeks $6 million in damages. See Def. Pro Se's Verified Answer and Affirmative Defenses and Countercls. to Verified Am. Compl. [ECF No. 53] at 21.

Shortly before the parties' summary judgment motions were filed in this case, the Court entered a temporary restraining order (and later a preliminary injunction) in Shvartser II. See Shvartser v. Lekser, 308 F. Supp. 3d 260, 269 (D.D.C. 2018). That injunction prevented two lenders (the "lender defendants") with whom Lekser had refinanced the property in 2015 from foreclosing on the resulting mortgage. See id. Shvartser's complaint in Shvartser II asserts a claim to quiet title to the property, alleging that the mortgage held by the lender defendants is void because it was procured using a fraudulent power of attorney. See id. at 265. The lender defendants responded "primarily that they were entitled to foreclose on the entire property"—either because the mortgage was valid or, if it was invalid, through equitable subrogation—but "also argued in the alternative that, at a minimum, they were entitled to a lien against Ms. Lekser's

one half interest in the property." See Mem. Op., Shvartser v. Lekser, Civil Action No. 18-473 (JDB) (D.D.C. Sept. 13, 2018) ("Sept. 13, 2018 Mem. Op.") [ECF No. 82] at 7–8. Although the Court found a likelihood of success on the merits of Shvartser's quiet title claim, see Shvartser, 308 F. Supp. 3d at 265, and has since declined to reconsider that determination, see Sept. 13, 2018 Mem. Op. at 9, the Court has not yet adjudicated the underlying quiet title claim.

The outcome of that claim is likely to affect the issues in this case significantly. For example, if the Court were to determine in Shvartser II that Shvartser's one-half interest in the property is unencumbered by the 2015 mortgage, then it is unclear why Shvartser would be entitled to recover the alleged $658,237 differential between the value of that mortgage and the property's prior mortgage. And although Shvarster's claims for approximately $500,000 in allegedly misappropriated renovation funds depend less directly on the outcome of the quiet title claim in Shvartser II, it nonetheless involves the same facts. Moreover, the two parties in this case are currently engaged in mediation, see Sept. 12, 2018 Min. Entry, which further counsels against the resolution of the parties' summary judgment motions at this time.

The Court also notes—again—that despite the Court having ordered a partition and sale over a year ago, Shvartser still has not yet sold the property in compliance with the Court's order. Because the damages flowing from any meritorious claims asserted by Shvartser against Lekser (or vice versa) would most easily be satisfied using the proceeds of that sale, it is logical to defer ruling on these claims until after the property has been sold and the various parties' interests in that property have been determined in Shvartser II or through mediation. See, e.g., July 5, 2017 Order ¶ 8 (directing that "all net proceeds of the sale [of the property] . . . shall be deposited with the Clerk of Court pending the outcome of this litigation"). Then, and only then, can the Court sufficiently address the various underlying contract and tort claims asserted in this action. See

3

United States v. W. Elec. Co., 46 F.3d 1198, 1207 n.7 (D.C. Cir. 1995) (noting that "a trial court has inherent power to control the sequence in which it hears matters on its calendar").

Accordingly, it is hereby

**ORDERED** that [169], [170], and [174] the parties' cross-motions for summary judgment are **DENIED** without prejudice to renewal consistent with this order.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated: September 18, 2018